## WEBSTER v. FERGUSON.

### Opinion delivered July 11, 1910.

1. MUNICIPAL ORDINANCE—VALIDITY IN PART.—If an ordinance creating a district for the purpose of constructing and establishing sewers, and for the purpose of managing and operating such sewers, is invalid in respect to the latter purpose, it is valid as to the former, the two objects being severable. (Page 579.)

2. IMPROVEMENT DISTRICT—COST OF IMPROVEMENT.—Where the property owners in a proposed improvement district asked for the construction of a system of improvements not to exceed in cost a sum named, it will be presumed that they intended the actual cost of the improvement, exclusive of interest. (Page 579.)

3. SAME—LIMITATION AS TO COST.—Under Kirby's Digest, §§ 5683, 5716, providing that no single public improvement shall exceed in cost 20 per centum of the real property in the district, this limitation depends upon the cost of the improvement, and it is not material that the total assessment of benefits exceeds 20 per centum of the value of the property. (Page 579.)

4. SAME—IRREGULARITY—LIMITATION.—Under Kirby's Digest, § 5685, providing that all persons who shall fail to begin legal proceedings within 30 days after publication of a city ordinance fixing the assessment of property within an improvement district for the purpose of correcting or invalidating such assessment shall be forever barred and precluded, property owners within an improvement district who have failed to institute such proceeding within the time prescribed are barred by this statute from attacking the assessment because the assessors did not take the proper oath. (Page 579.)

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*C. M. Erwin,* for appellant.

Incorporated towns have authority to assess real property for the purpose of constructing sewers only. Kirby's Digest, § 5664; 56 Ark. 191; 59 Ark. 356; 2 Dill. on Mun. Corp., § 769. The council could not go beyond the limitations prescribed in the petition. 71 Ark. 556; 59 Ark. 344. The interest is part of the cost of construction. 55 Ark. 148; 24 O. St. 249. An assessment greater than the cost of improvement is void. 20 Minn. 468; 55 S. E. 800; 46 Atl. 312.

*Joseph W. Phillips,* for appellees.

Improvement districts may maintain and operate sewer systems. Kirby's Digest, § § 5664, 5674 and 5675; 28 Ark. 208. The defect in the oath is not jurisdictional. 71 Ark. 24.

BATTLE, J. In the month of June, 1908, ten owners of real property in the city of Newport, in this State, and in a certain territory in the city, petitioned to the city council of that city to make and declare said territory, which they described by metes and bounds, an improvement district, to be known as "Sewer District No. 1" for the purpose of constructing, operating and managing a sewer system in said district. In the same month the city council of the city of Newport, by ordinance duly passed, granted their petition, and laid off said territory by metes and bounds in an improvement district for the purpose of establishing, constructing, maintaining and managing sewers therein, and designated the same as "Sewer Improvement District No. 1 of the City of Newport, Arkansas."

Within three months after the publication of such ordinance, a majority in value of the owners of real property within said district presented to the city council of the city of Newport a petition asking it to establish and construct a system of sewers, the aggregate cost of constructing the same not to exceed the sum of $42,500, and to maintain, manage and operate the same, and that the cost thereof be assessed and charged upon the real property within said district. The city council thereupon appointed three owners of real property therein to constitute a board of improvement of the district, who took the oath prescribed by law, and formed plans for the improvement asked

for by petitioners, and made estimates of the cost thereof, and
reported the same to the city council as follows:

| | |
|---|---:|
| Construction | $38,500.00 |
| Engineers | 1,850.00 |
| Purchase of lot for pump house | 300.00 |
| Right-of-way | 500.00 |
| Stationery, printing and advertising | 250.00 |
| Miscellaneous and sundry items of expense | 1,100.00 |
| Total | $42,500.00 |

They further reported that it would be necessary to borrow
the sum of $38,000 with which to build said sewer system,
and that the interest on the money so borrowed would amount
to about the sum of $21,000, estimating that a portion of the
principal of said indebtedness would be paid each year until the
end of twenty years, which interest added to the cost of con-
struction makes a total cost of $63,500.

After the filing of the report of the board of improvement
the city council appointed a board of assessment, who, after
taking the oath prescribed by law, assessed the value of the
benefits to accrue to the real property in said district by reason
of such improvement, and deposited a list of the same in the
office of the recorder or city clerk of the city of Newport.
Within due time the city council by an ordinance ordained that
the real property in the district be assessed according to the
assessment list for the district as the same now remains in the
office of the recorder of said city, "and that five per centum
of assessed betterment on each of said blocks, lots and parcels
of real property shall be paid annually on or before the 1st
day of February until the whole of said local assessment shall
be paid."

The board of improvement brought this suit against David
Webster and Alice Webster, in the Jackson Chancery Court,
and alleged in their complaint that the defendants are the owners
of lot 4, block K, in Chastain's Addition to the city of Newport,
Jackson County, Arkansas, and that the lot is embraced in said
improvement district; that the board of assessors of said sewer
improvement district assessed the benefits on said lot, together
with all other real property in said district subject to assessment
for such improvement, which assessment on the lot amounts

to the sum of $3.50; that the first annual installment of said assessment amounts to the sum of 17½ cents; that the defendants failed to pay the first installment within the time required by law, and the collector for the district added a penalty of three and a half cents, and returned the lot delinquent, and the assessment on the lot is still delinquent and unpaid. The board asked that the lot be charged with the assessment of 17½ cents and the penalty of 3½ cents, and be condemned and sold to pay the same.

The defendant answered, and admitted the allegations of the complaint, but say that the assessment on their lot is illegal and void for the following reasons:

"First. That the petition of the majority of the property owners of the district asked the city council of the city of Newport to establish, maintain and operate a system of sewers in said district, and that there is no authority of law for the maintaining and operating of sewer systems by said district.

"Second. That the petition praying that the district be established asked that a system be established, 'the aggregate cost of constructing same not to exceed the sum of $42,500,' and that the board of commissioners of said district has adopted plans and specifications for a system of sewers the actual cost of which in cash is $42,500, and that it will be necessary to issue bonds to the amount of $38,000, 90 per cent. of the estimated cost of said sewer, to obtain the money to build said sewer system, and that the interest on said bonds will amount to the sum of $21,000, making the system cost $63,500, or $21,000 in excess of the limitation placed upon the cost of construction of said system by the original petition.

"Third. That the board of assessors has assessed the benefits accruing to the real property in said district at the sum of $98,700, which exceeds the estimated cost of constructing said system, including interest thereon, by the sum of $35,200, and the city council, acting upon said assessment list, has passed an ordinance levying an assessment on the $98,700 benefits.

"Fourth. Because the board of assessors of said district failed to take the oath as prescribed by law, they having taken the oath required by section 5677 of Kirby's Digest, and not the oath required by said section 5677 of Kirby's Digest, as amended by act 167 of the Acts of Arkansas, 1907."

The plaintiff, the board, demurred to the defendants' answer, which the court sustained, and, the defendants refusing to plead further, condemned and ordered the lot sold according to the prayer of the complaint; and defendants appealed.

The defendants' first ground of defense is untenable. Conceding that the city council had no authority to create a district to manage and operate a sewer district, the remainder of its ordinance to create a district for the purpose of constructing and establishing sewers is valid. The ordinance may be void in part and valid in part, it being severable. *Eureka Springs* v. *O'Neal,* 56 Ark. 350, 353.

The second ground is equally untenable. The property owners, in asking for the construction of a system of sewers not costing exceeding $42,500, meant that the actual cost should not exceed that amount. No mention was made by them of borrowing money, and none was made until after the creation of the district; and the board of improvement estimated the actual cost to be $42,500. Under the circumstances the presumption is that the actual cost was intended; the actual cost being as much as that specified ($42,500) indicates that it was intended.

The total assessment of the benefits of the improvement to the real property in the district does not control the cost of the improvement; for, when the expenses of the improvement are paid, the authority to collect taxes for that purpose ceases to exist. The statute provides: "No single improvement shall be undertaken which alone will exceed in cost twenty per centum of the value of the real property in such district as shown by the last county assessment," and beyond that limit taxation can not go for such purposes. Kirby's Digest, § § 5683, 5716.

The defendants were barred and precluded from attacking the assessments of benefits on the ground that the assessors did not take the oath prescribed by law. It was the duty of the city clerk or recorder to publish in some newspaper in the city of Newport a copy of the ordinance, which ordered that the real property in the district be assessed according to the assessment list deposited in the recorder's office and that five per centum shall be paid annually until the whole of the local assessment shall be paid, within thirty days after its passage; and the statute provides that all persons who shall fail to begin legal

proceedings within thirty days after such publication for the purpose of correcting or invalidating such assessment shall be forever barred and precluded. Kirby's Digest, § 5685. So the defendants, having failed to begin such proceedings within the time prescribed, are barred by this statute from attacking the assessment because the assessors did not take the proper oath; it not being jurisdictional. *Stiewel* v. *Fencing District*, 71 Ark. 17, 24.

Decree affirmed.