INGRAM *v.* THAMES.

## Opinion delivered November 14, 1921.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICTS—FILING PLANS. —Under Crawford & Moses' Dig. §§ 5656-7, providing that boards of improvement in cities and towns shall form plans for the improvement and procure estimates of the cost thereof, and shall report the same to the city or town council, which shall appoint a board of assessors of the benefits to be received by each lot, *held* that where the board of improvement formed plans and procured an estimate of costs, and reported to the city council that it had done so, but did not file the plans or estimates with that body, the council was authorized to appoint the assessors.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—LIMITATION TO ATTACK ON ASSESSMENT.—Under Crawford & Moses' Dig. § 5668, providing that, within 30 days after passage of an assessment ordinance, a copy of it shall be published, and all the persons who fail to begin proceedings to correct or invalidate such assessment within 30 days after such publication shall be barred, an attack upon an assessment ordinance upon the ground that the plans and estimate of costs were not filed with the city council before the assessors were appointed was barred by failure to institute proceedings within 30 days after publication of the assessment ordinance.

Appeal from Pulaski Chancery Court; *J. E. Martineau,* Chancellor; affirmed.

*Sherrill & Mallory,* for appellant.

There was no compliance with the provision of the statute requiring the filing of plans with the city council. C. & M. Digest, § 5657. A report is a mechanical reproduction of what actually took place. 61 N. Y. Sup. Court, 207.

The city council was without authority to appoint a board of assessors until the board of improvement had made plans and ascertained the cost of the improvement, 134 Ark. 319; and was without authority to return the assessment list to the board of assessors. 86 Ark. 1.

No notice of the second assessment being given, the statute of limitations of thirty days did not apply. C. & M. Digest, § 5668.

*Wallace Townsend,* for appellees.

The report of the commissioners was a sufficient compliance with the statute. C. & M. Digest, § 5656.

The question of whether the city council had authority to return the assessment list to the board of assessors was not raised in apt time.

Persons failing to begin legal proceedings within 30 days after the publication of the assessment ordinance for the purpose of correcting or invalidating the assessment shall be forever barred. C. & M. Digest, § 5668; 84 Ark. 257; 90 Ark. 29; 95 Ark. 575; 98 Ark. 543; 69 Ark. 68; 92 Kans. 513; 141 Pac. 299; 176 N. Y. 31; 105 N. E. 105; 55 N. Y. 361; 92 Pac. 690; 90 Pac. 353; 138 N. W. 967; 134 Pac. 961; 130 N. Y. 870.

The city council had full power to grant the petition for the improvement. 110 Ark. 511.

WOOD, J. Street Improvement District No. 305 Little Rock, Arkansas, was created by ordinance duly passed by the city council of the city of Little Rock on February 7, 1921, and duly published on February 11, 1921. On March 7, 1921, a second petition in proper form was filed with the city clerk and notice duly published that a hearing would be held thereon on March 28, 1921. On April 4, 1921, the commissioners of the district took the oath and on May 9, 1921, filed with

the city council. a report which reads in part as follows: "We have formed plans for the improvement within the district as prayed for in the petition, and have ascertained that the cost of such improvement will be $11,400, which is less than 20 per cent of the assessed value of the real property of said district as shown by the last county assessment." No plans and specifications, or itemized statement of cost for the improvement, were filed with the council.

The duly appointed assessors of the district filed their assessment of benefits on June 16, 1921, and notice of such filing was duly published. Protests against the assessment of benefits as filed were immediately made by the property owners. The city council referred these protests to its finance committee, which recommended to the council as follows: "We recommend a reduction in the assessment of 5% on property facing double track car lines and 2½% on property facing a single track car line." The city council adopted these recommendations and referred them to the assessors for reassessment accordingly. The assessors revised the assessments according to these recommendations and filed the same on July 29, 1921.

On August 8, 1921, an ordinance was passed assessing the benefits in the district according to the assessments as revised, which ordinance was duly published August 12, 1921.

This action was instituted by the appellant in the Pulaski Chancery Court seeking to have all of the acts of the city council, the board of improvement, and the board of assessors subsequent to the filing of the original assessment declared void. After setting out the facts as above appellant alleged that the board of improvement failed to file with the city clerk any plan for the improvements within the district and that the council had no authority to refer assessments once filed back to the board of assessors nor to revise the assessments when no appeal had been taken from the assessments of the board of assessors to the city council.

The appellee demurred to the complaint on the following grounds, to-wit: ''The complaint does not state facts sufficient to constitute a cause of action. The complaint shows that this is a suit to invalidate the assessment ordinance of said district and is begun more than thirty days after the publication of said ordinance and said suit is therefore barred and precluded.''

The court sustained the demurrer. The appellant stood on his complaint. The court entered a decree dismissing the same for want of equity, from which decree is this appeal.

1. The report of the commissioners to the city council was in writing and informed that body that the commissioners had qualified and organized into a board and elected a secretary; that they had formed plans as prayed for in the petition for the improvement and ascertained that the cost of such improvement would be $11,400, which was less than 20 per cent. of the assessed value of the real property in the district as shown by the last county assessment. The report concluded by asking that three persons, naming them, be appointed assessors to assess the benefits. Attached to the report was a statement of the engineer of the district as to the cost of the work outlined. The report was a sufficient compliance wtih sections 5656 and 5657, Crawford & Moses' Digest, which require that, ''immediately after their qualification, the board shall form plans for the improvement within their district as prayed in the petition, and shall procure estimates for the cost thereof * * * and shall report the same to the city or town council, which shall appoint three electors of the city or town, which shall constitute a board of assessors of the benefits to be received by each lot, etc.''

It will be observed that the only purpose of requiring this report to be made to the city council is to advise that body, so that the latter may proceed to appoint the assessors, which is the only duty the city council has to perform with reference to the report. The commissioners constituting the board of improve-

ment are public agents, and necessarily vested with large discretion in the discharge of their duties under the statute, and, if it had been the design of the Legislature to have the detailed plans, together with the itemized estimated cost of the improvement, filed with the city council before the latter could appoint the board of assessors, such purpose would have been plainly stated in the statute.

It is essential that the board of improvement form plans and procure estimates for the cost of the improvement. *Mo. Pac. Ry. Co.* v. *Waterworks Imp. Dist.,* 134 Ark. 315. And the board is directed to *report the same to the city council,* but the making of such report to the city council is not jurisdictional. If the commissioners had actually formed the plans and ascertained the cost thereof, but had failed to report the same to the city council, the latter body would still have had the power to appoint the assessors to assess the benefits. In others words, the further progress of the improvement could not be arrested and the whole improvement defeated simply because the board had failed or neglected to make proper report to the city council. The report made by the improvement board in this case was in compliance with the requirements of the statute.

2. The statute requires that, within thirty days after the passage of the ordinance mentioned above (assessment ordinance), the recorder or city clerk shall publish a copy of it in some newspaper published in such town or city for one time. And all persons who shall fail to begin legal proceedings within thirty days after such publication for the purpose of correcting or invalidating such assessment shall be forever barred and precluded. Sec. 5668, Crawford & Moses' Digest. The allegations of the appellant's complaint show that it is an attack upon the assessment of benefits. The appellant did not comply with this statute, and therefore his cause of action is barred. *Board of Imp. Dist.* v. *Offenhauser,*

84 Ark. 257, 268; *Boles* v. *Kelly,* 90 Ark. 29; *Webster* v. *Ferguson,* 95 Ark. 575; *Bd. of Imp.* v. *Pollard,* 98 Ark. 543.

The decree is therefore correct, and it is affirmed.