LAFLIN *v.* BOARD OF COMMISSIONERS STREET
IMP. DIST. NO. 8 OF MENA.

4-6195                                      166 S. W. 2d 653

Opinion delivered December 21, 1942.

*Minor Pipkin,* for appellant.

*J. F. Quillin,* for appellee.

HUMPHREYS, J.   This is an appeal from a decree of the chancery court of Polk county of date June 9, 1942, sustaining a demurrer to the answer of appellant to the complaint of appellee, and upon refusal of appellant to

plead further, condemning lot 4 in Hornbeck Place in Mena, Arkansas, belonging to appellant, for sale to satisfy a delinquent assessment against said lot in the sum of $3.40, which was due on November 20, 1940, together with 10% penalty, costs and attorney's fee.

The complaint, in substance, alleged that Street Improvement District No. 8 is a duly organized street improvement district of the City of Mena, Arkansas; that an assessment in the amount of $3.40 per year was duly levied against said property, to be paid not later than the 20th of November, 1940, said lot lying within the boundaries of said district; that although notice of said assessment was given in the manner required by law, said assessment has not been paid, and the appellee is entitled to have said lot charged with the amount of said assessment, together with 10% penalty, costs and attorney's fee, and condemned and sold for the payment thereof.

The prayer of the complaint was that said delinquent property be charged with the delinquent assessment, together with 10% penalty, costs and attorney's fee and that the same be condemned and sold for the payment thereof and that appellee have all other proper and equitable relief.

The answer admitted the ownership of the lot, and that it is within Street Improvement District No. 8 in Mena, Arkansas; that the district was created in accordance with law; that benefits were assessed against said lot, by reason of improvements made in the district, in the sum of $3.40 per annum for 10 years and that he refused to pay the assessment that became due not later than the 20th day of November, 1940, because the board of improvement in formulating plans and specifications of the district and in constructing the improvements in the district failed to plan for or construct curbing and guttering on several streets and avenues within the district and particularly on the street upon which appellant's property abuts and that the assessment of benefits which appellee now seeks to enforce were upon said improvements which are not in conformity to the con-

sent of the property owners of said district or, in other words, were materially at variance with the purpose expressed in the petition of property owners in said district.

The petition of the property owners as well as the ordinance creating the district specified the purpose of the formation of the proposed district to be for "grading, leveling, draining, straightening, beautifying, paving, curbing, guttering, and otherwise improving the street and avenues and portions thereof" describing same.

Appellant contends that the assessment is void and unenforceable against his property because neither the plans nor the construction of the improvements in the district provided for curbing and guttering on Seventh street where his property is situated. We do not think that the plans and specifications and the construction of the improvements in the district were at material variance with the improvements specified by the property owners upon whose petition said improvement district was initiated. The petition was for a number of different kinds of improvements, and it is not sound to say that each of these different kinds of improvements was required to be made at all points on all the streets and avenues within said district. For example, the petition calls for grading of these streets and avenues and also calls for draining and straightening. Certainly it was not necessary for the board of commissioners to drain and straighten streets that needed no draining and straightening, and certainly it was not necessary for the board of commissioners to plan for and construct curbing and guttering where the streets did not need curbing and guttering or already had curbing and guttering. The board of commissioners did not violate the terms of the petition by failing to drain, straighten, curb or gutter streets which did not need draining, straightening, curbing or guttering. The character of the improvements was within the sound discretion of the board of commissioners, as the petition itself did not require that all of the improvements specified therein should be made at all points in the district.

In the case of *Boles* v. *Kelly, et al.,* 90 Ark. 29, 117 S. W. 1073, this court said: "The petitions of property owners specify the improvements desired. In this case it was the pavement of the streets, but not how and to what extent they shall be paved. That was the duty of the board to determine."

Appellant cites and relies upon the case of *Watkins* v. *Griffith, et al.,* 59 Ark. 344, 27 S. W. 234, as controlling in the instant case. In that case, the petitioners had asked that a street be graded and graveled at a cost of $750. The board of improvement decided to macadamize and gutter the street at a cost of $5,359. Of course, the court was correct in holding that the board exceeded its authority and for that reason the assessment was void and might be attacked collaterally. In the instant case the board of improvement acted within its authority and in the exercise of its discretion omitted from its plans and specifications and in its construction of the improvements, gutters and curbs on the street upon which appellant's lot abutted. For that reason the case of *Watkins* v. *Griffith, et al., supra,* is not applicable to the facts in the instant case.

There being no jurisdictional defect in the creation of the district such as a material variance between the plans and specifications and construction of the improvements from the improvements provided for in the petition of the property owners, the assessment cannot be collaterally attacked.

We think appellant's attack on the assessment is barred by § 7307 of Pope's Digest, which is as follows: "Within thirty days after the passage of the ordinance mentioned above, the recorder or city clerk shall publish a copy of it in some newspaper published and having a *bona fide* circulation in such town or city for one time, or if no newspaper be published in said city or town, then in some newspaper published in the county; and if no newspaper be published in the county then by posting in at least ten conspicuous places in the city or town. Within thirty days after such publication the district or any property owner may bring suit in the

chancery court of the county for the purpose of correcting or invalidating such assessment; but if such suit is not brought within that time all objections to the creation of the district or the validity of the assessment shall be forever barred and precluded.''

This court said in the case of Ingram v. Thames, 150 Ark. 443, 234 S. W. 629, that: ''The statute requires that within 30 days after the passage of the ordinance mentioned above (assessment ordinance) the recorder or city clerk shall publish a copy of it in some newspaper published in such town or city for one time. And all persons who shall fail to begin legal proceedings within 30 days after such publication for the purpose of correcting or invalidating such assessment shall be forever barred and precluded. Section 5668, Crawford & Moses' Digest. The allegations of the appellant's complaint show that it is an attack upon the assessment of benefits. The appellant did not comply with this statute, and therefore his cause of action is barred. Board of Imp. Dist. v. Offenhauser, 84 Ark. 257, 105 S. W. 265; Boles v. Kelly, 90 Ark. 29, 117 S. W. 1073; Webster v. Ferguson, 95 Ark. 575, 130 S. W. 513; Board of Imp. v. Pollard, 98 Ark. 543, 136 S. W. 957.''

No error appearing, the decree is affirmed.