RAY *v*. CITY OF MOUNTAIN HOME.

5-1485                                                      311 S. W. 2d 163

Opinion delivered March 17, 1958.

*H. J. Denton,* for appellant.

*Roy E. Danuser* and *Townsend & Townsend,* for appellee.

J. SEABORN HOLT, Associate Justice. Proceeding under the provisions of Secs. 20-101 *et seq.* Ark. Stats. 1947 Sewer Improvement District No. 1 was organized by Mountain Home, Arkansas, on a petition of two-thirds majority of the property owners within the dis-

trict, and was created by Ordinance 104 on March 28, 1950. The estimated cost of the improvement was $230,-000, of which $120,000 was to be furnished by issuing revenue bonds to be paid from charges made for sewer services, and the remaining $110,000 to be paid by improvement district bonds which were to be paid from the levy upon the assessment of benefits. On September 5, 1950, the city duly enacted Ordinance 105 levying a rate of assessment of benefits on property in the district. Thereafter, on September 21, 1950, the city passed Ordinance 107 which provided for the above $120,000 in revenue bonds to aid in completing the sewer system of the district and further provided for additional revenue bonds in the amount of $40,000 to enlarge the water works system, a total of $160,000. Later on Sewer District No. 1 issued $111,000 in sewer improvement bonds which were secured by the assessment of benefits provided in Ordinance No. 105 above, and also under Ordinance No. 107 the city issued $160,000 in water and sewer revenue bonds secured by the water and sewer rates for water and sewer services provided in the ordinance. It thus appears that there were two distinct bond issues, the first secured by an assessment of benefits upon the lands embraced in the district, and the second by the collection of service charges from users of water and sewer services within the city.

On February 20, 1956, appellant, O. H. Ray, who owned land within the district, brought the present suit attacking the assessment of benefits against his property. He alleged, in effect, that the assessment of benefits was not authorized by the revenue bond act, was an illegal exaction in violation of his constitutional rights, and that said assessment of benefits in the sewer improvement district and its bond issue were void because these issues were not submitted to the electors for adoption or rejection, and prayed for judgment against appellees for $555.09, the amount of assessments of benefits he had previously paid.

A trial before the court (sitting as a jury) resulted in a judgment in favor of appellees. The court found

that Sewer Improvement District No. 1 was properly formed on March 28, 1950, by Ordinance 104, upon petitions signed by two-thirds in value of the owners of real property in the district; that the assessment of benefits was levied by Ordinance 105 on September 5, 1950; that the period within which appellant could protest the assessment of benefits had long since expired and that Ordinance 107 provided for the issuance of revenue bonds and was independent of Ordinance 105. This appeal followed.

Appellant first contends that the provisions of the Municipal Improvement District Statutes (Secs. 20-101 *et seq.*, Ark. Stats. 1947) were abrogated and repealed by Amendment 13 to the Constitution of Arkansas. We do not agree. Amendment 13 specifically provides that: ''This amendment shall not repeal or affect any law relating to the organization of improvement districts.'' Obviously, we think, this amendment left the above sections relating to Municipal Improvement District Statutes intact. Our Constitution further provides in Art. 19, Sec. 27: ''Nothing in this Constitution shall be so construed as to prohibit the General Assembly from authorizing assessments on real property for local improvements in towns and cities under such regulation as may be prescribed by law, to be based upon the consent of a majority in value of the property holders owning property adjoining the locality to be affected; but such assessments shall be *ad valorem* and uniform.'' Here the sewer district in question was validly created, upon the consent by petition of two-thirds in value of all the property owners in the district. It was established by Ordinance 104, above, on March 28, 1950, under which, assessment of benefits was properly made and filed with the City Clerk, and the assessment Ordinance 105 was duly enacted on September 5, 1950, levying the rate of collection. But appellant argues that the consent of the people here to be taxed should have been procured by an election and not by petition signed by two-thirds in value of the owners of property within the district. The answer to this contention is that Sec. 20-104 above, specifically provides that consent shall be obtained by peti-

tion signed by two-thirds in value of owners of property within the district. We, therefore, hold that here proper consent of the property owners was obtained and an election was not required.

Appellant next contends that the above Municipal Improvement District Statutes (Secs. 20-101—456, Ark. Stats. 1947) were repealed and abrogated by Act 132 of 1933 (Chapter 41 Secs. 19-4101 *et seq.,* Ark. Stats. 1947). We do not agree. The above Municipal Improvement District Statutes (Secs. 20-101 *et seq.,* above), and the Sewer Revenue Bond Statutes (Secs. 19-4101 *et seq.,* above) we hold, do not cover the same field and are not repugnant. It will be observed that the Municipal Improvement District Statutes provide not only for construction of sewers by improvement districts, but further provide for many other improvements such as streets, water works, light plants, etc., and the bonds issued by such districts are payable solely from the assessment of benefits on property located therein. Act 132 of 1933 (Secs. 19-4101 *et seq.,* above), our Sewer Revenue Bond Statute, is limited to the construction, acquisition and maintenance of a sewer system alone, and provides for no other improvements. It provides that cities and towns may acquire and maintain within the corporate limits of said town or city a sewer system and issue revenue bonds to pay for the cost thereof, these bonds to be paid from revenues derived from service charges only to people who use the sewer system, and not by assessment of benefits on the property within the district. If one is not connected to the system he pays no sewer rate for service. It thus clearly appears that these statutes are not repugnant to each other, provide for entirely different securities for the bonds authorized, and neither repeals the other.

We further hold that the trial court correctly held that the present suit was barred by statute. As pointed out, the assessment ordinance 105, was enacted September 5, 1950 and duly published in the Baxter Bulletin September 7, 1950. The present suit was not filed until February 20, 1956, something over five years later. Sec. 20-416 Ark. Stats. 1947 above provides: "Within thirty

(30) days after the passage of the ordinance mentioned above (assessment ordinance), the recorder or city clerk shall publish a copy of it in some newspaper published and having a *bona fide* circulation in such town or city for one time, or if no newspaper be published in said city or town, then in some newspaper published in the county; and if no newspaper be published in the county then by posting it at least ten (10) conspicuous places in the city or town. Within thirty (30) days after such publication the district or any property owner may bring suit in the chancery court of the county for the purpose of correcting or invalidating such assessment; but if such suit is not brought within that time all objections to the creation of the district or the validity of the assessment shall be forever barred and precluded." Here, as indicated, appellant's suit was clearly an attack upon the benefits in Improvement District No. 1.

The above section of the statute has been consistently upheld by this court. See *Laflin* v. *Bd. of Commrs., Street Imp. Dist. No. 8 of Mena,* 205 Ark. 24, 166 S. W. 2d 653 (and the cases there cited). We there said: "This court said in the case of *Ingram* v. *Thames,* 150 Ark. 443, 234 S. W. 629 that: 'The Statute requires that within 30 days after the passage of the ordinance mentioned above (assessment ordinance) the recorder or city clerk shall publish a copy of it in some newspaper published in such town or city for one time. And all persons who shall fail to begin legal proceedings within 30 days after such publication for the purpose of correcting or invalidating such assessment shall be forever barred and precluded. Section 5668, Crawford & Moses' Digest. The allegations of the appellant's complaint show that it is an attack upon the assessment of benefits. The appellant did not comply with this statute, and therefore his cause of action is barred. (citing cases).' "

Appellant also argues that, ". . . the levying and collection of benefits against the properties of the Sewer District are made contingent upon a condition that has not happened. That is, Sec. 13 of Ord. 107 provides for assessment of benefits against the lands of the Sewer District upon an expressed contingency, a con-

tingent assessment, one limited to take effect upon a dubious and uncertain event, which may never happen or which may not happen until after all water and sewer bonds are paid in full, which case such contingency can never take effect. . . . that a surplus exists in the water and sewer fund of the city sufficient to pay all bonds as they may mature and the contingency provided for, which would authorize the assessment and collection of benefits on the lands of the district, has not arisen . . ." To support this contention appellant offered the city's audit, December 31, 1955, showing under "1955 Operating Statement—Revenue—Water and Sewer Dept. $49,800.30 Operating Expense, Water & Sewer Dept. $26,627.03 Leaving a net worth increase of $23,173.27," and he contends that after paying all bonds maturing and expenses prior to January 1, 1956, a surplus of $23,173.27 had accumulated and that until this surplus was depleted no assessment of benefits could be levied in the district.

We do not construe Section 13 of Ordinance 107 as containing any such contingency as appellant claims, nor do we find that either the assessment of benefits of Sewer Improvement District No. 1 or the rate of levy in Ordinance 105, was subject to any contingency in Section 13 of Ordinance 107. By the above exhibit appellant claims, as indicated, that the net worth increase of the water and sewer department amounts to $23,173.27, or a surplus in that amount. The exhibit does not show, however, what part of the revenues has gone to the other funds provided by Ordinance 107, such as the water and sewer depreciation fund (Sec. 10 thereof) or the water and sewer revenue bond fund (Sec. 11 thereof). Appellant contends that the said surplus is sufficient to pay all bonds for 1956 through 1960, but the record appears not to sustain this contention. The bond schedule of the revenue bond ordinance, No. 107, reflects that the total principal and interest requirements, of the revenue bonds alone, for the years 1956 through 1960 amount to $43,-931.25, obviously much more than the surplus. It further appears that the record is silent as to the principal and

interest requirements of the improvement district bond issue for the same period. At every step we must bear in mind that the assessment of benefits in Sewer Improvement District No. 1 has been pledged to the payment of the sewer district improvement bonds and the city would not be permitted to take any action which would impair the district's obligation and the assessment of benefits, the levy of same, and the pledge of it are not contingent. We hold, therefore, that appellant's contention is without merit.

Finding no error, the judgment is affirmed.