MISSOURI PACIFIC RAILROAD COMPANY *v.* WATERWORKS IMPROVEMENT DISTRICT No. 1 OF TILLAR.

Opinion delivered May 13, 1918.

1. LOCAL IMPROVEMENT—ORGANIZATION—PROOF OF ORIGINAL PETITION. The records of the city council showing that a petition for the improvement had been filed, and that the same contained a majority in value of property owners in the district, *held* sufficient to establish that a proper petition was filed.

2. LOCAL IMPROVEMENT—NECESSITY FOR REPORT OF PLANS OF THE IMPROVEMENT.—The board of improvement of a local improvement district must make definite plans for the improvement, and ascertain its probable cost. The city council is without authority to appoint a board of assessors until the board of improvement has made definite plans and ascertained the cost of the improvement according to the plans.

3. LOCAL IMPROVEMENT—FAILURE TO MAKE PLANS.—The failure of the board of improvement, to make plans for the proposed improvement, does not render the organization of the district void, but it renders all subsequent proceedings void.

4. LOCAL IMPROVEMENT—ATTACK UPON ACTION OF ASSESSORS.—Under Kirby's Digest, § 5685, a party objecting may, within thirty days after the publication of the passage of the assessment ordinance, institute suit to invalidate the assessment.

Appeal from Drew Chancery Court; *Zachariah T. Wood,* Chancellor; reversed.

*E. B. Kinsworthy* and *W. G. Riddick,* for appellant.

1. The assessment was made without reference to benefits to be received. 86 Ark. 1; 119 *Id.* 128; 55 N. Y. 604; 48 L. R. A. 851; 127 Ark. 310; 119 *Id.* 294; 89 *Id.* 513; 117 *Id.* 31; 98 *Id.* 543; 119 *Id.* 178; 125 *Id.* 425.

2. The assessment is excessive. *Bush* v. *Branson,* U. S. Ct. App., Feb. 16, 1918. The finding of the court is not conclusive. 180 Fed. 92, and others.

3. The district was never legally organized for the reason that no plans nor estimate of cost were made or reported to the council. Kirby & Castle's Digest, § 6836; 106 Ark. 44.

4. No petition signed by a majority of owners was ever filed. Kirby's Digest, § 6862.

5. The appeal was taken in time. Kirby's Digest, § 5685.

*Williamson & Williamson,* for appellees.

1. The district was properly formed. The statute as to plans, estimates, etc., was substantially complied with. The council found that the petition was filed and was duly signed by a majority of owners. No appeal was taken in time. Kirby & Castle's Digest, § 6826; 90 Ark. 38-9; 103 *Id.* 451; 86 *Id.* 12, 13, 14.

2. The burden of proof was on appellant. 121 Ark. 105. The attack on the general assessment is not sustained by the evidence. It was properly made according to benefits and was not arbitrary nor excessive. 121 Ark. 105. The sole remedy is by appeal within ten days. Kirby & Castle's Digest, § 6843; 86 Ark. 12, etc.

3. The method was correct and the railroad property properly assessed. But the only relief was by appeal. Kirby & Castle's Digest, § 6843; 86 Ark. 12, etc.

HUMPHREYS, J. Appellant instituted suit against appellees on the 13th day of September, 1913, in the Drew chancery court assailing the organization and assessment of benefits of Waterworks Improvement District No. 1, in Tillar, Arkansas, alleging that a majority in value of the property owners did not petition the city council for the district; that the board of commissioners did not furnish the council with plans for and estimates of the cost of the improvement; that the assessment of the property in the district was not based on benefits to the property; that the assessment against appellant's property was excessive; and that the contemplated improvements could in no way benefit appellant's property.

Appellees answered, denying all the material allegations in the bill.

The cause was submitted to the court upon the pleadings, depositions and documentary evidence, and, on November 14, 1917, a decree was rendered dismissing the complaint for the want of equity, from which decree an appeal has been prosecuted to this court.

(1)   It is insisted by appellant that the district was not authorized because the evidence disclosed that no petition was presented to the city council for the organization of the district.   Section 5667 of Kirby's Digest provides, in substance, that, as a prerequisite to making the improvement and appointment of a board for that purpose, a petition shall be presented to the city council by a majority in value of the owners of real property within the district, designating the nature of the improvement to be undertaken.   Appellant is in error in its assertion that the proof failed to show that such a petition was presented to the council.   A petition embodying the requirements of the statute appears in the council record of June 9th.   The names attached to the petition were not recorded in the council minutes, but the following entry concerning the names was made, towit: "The foregoing original petition was signed by forty owners of real property within the district, from the reading of which signatures it appeared to the council that same constituted a large majority in value of the property owners of the district."   The council records were introduced by agreement of the parties.   No attempt was made by appellant to show that such a petition was not in fact presented, and the burden was certainly upon it to overcome the record evidence to the effect that such a petition was presented.

If appellant's attack on the petition is because it was not signed by a majority of the property owners in value, it is barred, because it did not bring the suit within thirty days after the passage of the ordinance ascertaining that a majority of the owners in value had signed the petition.

(2-3)    It is contended by appellant that no plans for the proposed district, or estimates of the cost, were ever made or reported to the town council by the board of improvement. Section 5672, Kirby's Digest, provides that, "Immediately after their qualification (referring to the board of improvement) the board shall form plans for the improvement within their district as prayed in the petition, and shall procure estimates for the cost thereof. * * * For this purpose said board may employ such engineers and other agents as may be needful. * * *" Section 5676 of Kirby's Digest provides that, "As soon as said board of improvement shall have formed said plan, and shall have ascertained the cost of the improvement it shall report the same to the city or town council, which shall appoint three electors of the city or town, who shall constitute a board of assessment of the benefits to be received by each lot or block, or other subdivision of land of said district by reason of the proposed local improvement." The plans are required and exacted by the statute and for practical purposes. The estimate of the total cost of the improvement must depend upon the character of the improvement outlined by the plan. Again, the plan of the improvement would be a necessary guide to the board of assessors in ascertaining the benefits each piece of property would receive from the proposed improvement. Appellees insist that the construction of a waterworks system in a small town or city is no longer a technical undertaking and that plans are not needed; but we think the expenditure of $15,000 for the construction of a water system would be an unwise undertaking and a dangerous experiment unless some definite plan was prepared by a person familiar with, or skilled in the work. It is true the board is not required to employ an engineer, but it is authorized to do so. The Legislature certainly intended by the enactment of the statutes in question that a definite plan should be made and used, else it would not have authorized the employment of an engineer or other needful agent for such purpose. The undisputed evidence is to the effect

that the board made no plans whatever.  The city council was without authority to appoint a board of assessors until the board of improvement had made definite plans and until it had ascertained the cost of the improvement according to the plans.  Appellant, however, is in error in the contention that the failure of the board of improvement to make plans rendered the organization of the district illegal.  The effect was to render all subsequent proceedings illegal.  Until the plans were prepared and estimates of the total cost of improvement ascertained, the council had no right to appoint a board of assessors, and the board had no right to assess the benefits to each lot or parcel of land, and the council had no right to declare the assessment of benefits upon the several lots or parcels of land in the district.  Under this view of the case, it is unnecessary to discuss the other contentions insisted upon by appellant for reversal of the decree.

(4)   It is insisted by appellee that the only remedy open to appellant was by appeal within ten days from the assesment made by the board of assessors, as provided by section 5679 of Kirby's Digest.  We do not think so.  Under section 5685 of Kirby's Digest, appellant had thirty days after the publication of the passage of the assessment ordinance to institute suit to invalidate the assessment.  Said section is as follows:

"Within thirty days after the passage of the ordinance mentioned above (referring to the assessment ordinance) the recorder or city clerk shall publish a copy of it in some newspaper published in said town or city for one time; and all persons who shall fail to begin legal proceedings within thirty days after such publication for the purpose of correcting or invalidating such assessment shall be forever barred and precluded."

For the error indicated, the decree is reversed with directions to quash the assessment of benefits against the property within the district.