THOMAS *v.* STREET IMPROVEMENT DISTRICT No. 296.

Opinion delivered April 9, 1923.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—SECOND ASSESSMENT.—Crawford & Moses' Dig., § 5647 *et seq.,* under which Street Improvement District No. 296 of Little Rock was created, places no limit on the time within which assessments shall be made, and where an attempt to complete the list of assessments proved to be improper or erroneous, it was still within the power of the board of assessors to assess the property and file a list thereof.

2. MUNICIPAL CORPORATIONS—ATTACK ON ASSESSMENT LIST—LIMITATION.—Under Crawford & Moses' Dig., § 5668, providing that an action to test the validity of an assessment of benefits in an

improvement district must be filed within 30 days, *held* where an ordinance was passed levying assessments on real property in a street improvement district and was duly published, an action by a real property owner to restrain the board from enforcing payment of assessments, commenced more than thirty days after publication of the ordinance was not brought in apt time.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Will G. Akers,* for appellant.

Commissioners of an improvement district have no power to withdraw an assessment of benefits and substitute therefore a new assessment of benefits, and such assessment and the city ordinance confirming same are void. *Kirst* v. *Improvement Dist.,* 86 Ark. 1.

*Wallace Townsend,* for appellee.

No ordinance of the city was passed relating to the first or withdrawn assessment, but the substituted assessment of benefits was duly confirmed by ordinance, and this suit was filed fifty days after the publication of the assessment ordinance. Can not be attacked after thirty days. Sec. 5668, Crawford & Moses' Digest. Any one failing to attack the finding of the city council as to a majority having signed the petition within thirty days after such finding is made is barred, notwithstanding the petition may lack a majority. *Jacobs* v. *City of Paris,* 131 Ark. 28; *Waters* v. *Whitcomb,* 110 Ark. 511; *Pope* v. *Nashville,* 131 Ark. 429. 86 Ark. 1, not in point on question, that suit having been brought before assessment ordinance was passed. Attack on assessment which council had referred back to the assessors with directions barred after thirty days. *Ingram* v. *Thomas,* 150 Ark. 443; *Ahern* v. *Board of Improvement,* 69 Ark. 68; also *Board of Improvement* v. *Offenhauser,* 84 Ark. 257. *Boles* v. *Kelley,* 90 Ark. 29; *Webster* v. *Ferguson,* 95 Ark. 575; *Board* v. *Pollard,* 98 Ark. 543; *Meyer* v. *Board,* 148 Ark. 623; *Stiewel* v. *Fencing Districts,* 71 Ark. 17, 27. Similar statutes have been construed and upheld. *Rockwell* v. *Junction City,* 92 Kan. 513, 141

Pac. 299; *Loomis* v. *City of Little Falls,* 176 N. Y. 31, 68 N. E. 105; *Jackson* v. *City of Denver,* 92 Pac. 690; *Blackwell* v. *Village Coeur D'Alene,* 90 Pac. 353; *McKone* v. *City of Fargo,* 138 N. W. (N. D.) 967; *Schultz* v. *Ritterbush,* 134 Pac. (Okla.) 961; *Gastra* v. *Kenosha County,* 130 N. W. (Wis.) 870. The suit is barred, and the judgment should be affirmed.

McCULLOCH, C. J. Street Improvement District No. 296 of Little Rock was created under general statutes (Crawford & Moses' Digest, § 5647 *et seq.*) for the purpose of improving a certain street in the city. The district was legally created, and a majority of the property owners petitioned for the construction of the improvement, as provided in the statute, and, upon presentation of the petition to the city council, assessors were appointed to appraise the benefits. The list of assessments made by the board of assessors was filed with the city clerk, and notice thereof was given; protests were filed by certain property owners, and a time was set for hearing the protests, but, before the time arrived, the city council passed a resolution, upon the request of the commissioners of the district, allowing the assessment list to be withdrawn, which was done. A new assessment list was prepared and filed by the board of assessors, and, after notice thereof, was placed before the council.

There was an ordinance duly passed by the city council levying the assessments in installments on the real property in the district, and the ordinance was duly published as provided by statute. Crawford & Moses' Digest, § 5668. More than thirty days thereafter appellant, who owns real property in the district, commenced this action to restrain the board of commissioners from enforcing payment of said assessments, on the ground that the levy was void for the reason that there was no authority for withdrawal of the first assessment list and the substitution of another list of assessments made by the board of commissioners. The court sustained a demurrer to the complaint and dismissed the

complaint, and an appeal has been prosecuted to this court.

Counsel for appellant rely upon the decision of this court in *Kirst* v. *Street Improvement Dist.*, 86 Ark. 1, for support of the contention that there is no authority to withdraw a list of assessments in a district of this kind, or to make a new assessment after such withdrawal.

In the case cited we held that the maximum of authority to be exercised by the city council is to hear and determine appeals of individual property owners from the appraisement of their respective properties by the board of assessors, and that there was no authority on the part of the city council to undertake a general revision of the assessment list, or to require a new assessment to be made. The court did not hold, however, that there was no authority for a second assessment to be made after the first one had been, for any reason, discarded or found to be improper. On the contrary, the court held that, after a second assessment had been found to have been improperly made, it was still within the power of the board of commissioners to cause another assessment to be made. The statute places no limit upon the time within which the assessments shall be made, and, if any attempt to complete the list of assessments proves abortive, it is still within the power of the board of commissioners to require the board of assessors to assess the property and file a list thereof. This is entirely consistent with the view that a city council has no authority to revise the assessment list generally or to refer it back for a new assessment; for, as before stated, if, for any reason, the first assessment is found to be improper or erroneous before it becomes final, it may be disregarded, and a new assessment made.

The statute provides a remedy in the chancery court for the correction of assessments after the same have been approved by the city council, and, if the chancery court decides that the assessment is illegal, it may restrain its enforcement. The board of commissioners may

have a new assessment made, and it would follow that, even without such a decision against the validity of the assessment, the board of commissioners would have the same power if the assessment was found to be improper or illegal.

The statute provides that actions "for the purpose of correcting or invalidating such assessment shall be forever barred and precluded" unless brought within thirty days after the publication of the ordinance. Crawford & Moses' Digest, § 5668.

If the first assessment was withdrawn for insufficient reasons and a new list substituted therefor, it was a mere irregularity, which cannot be corrected except in an action instituted within thirty days after the publication of the ordinance, for an action to test the validity of the assessment must be filed within thirty days. Such is the effect of our decision in *Ingram* v. *Thames*, 150 Ark. 443, where we held that an attack on the validity of the assessment on account of failure to file the plans and estimate within apt time must be made within thirty days after the publication of the ordinance levying the assessment.

This is the only point involved in the appeal, and, since we have found that the attack on the assessment list was not brought in apt time, it follows that the chancery court was correct in sustaining the demurrer to the complaint, and the decree is therefore affirmed.