AHERN *v.* PAVING IMPROVEMENT DISTRICT No. 32
OF TEXARKANA.

Opinion delivered March 30, 1925.

1. MUNICIPAL CORPORATIONS—PAVING ASSESSMENTS—PRESUMPTION. —Even in a direct attack, under Crawford & Moses' Dig., § 5668, on an assessment of benefits to property in a paving district, though tried *de novo* on the record made below, some deference must be given to the judgment of the assessors, which will be presumed correct until the contrary is proved.

2. MUNICIPAL CORPORATIONS—PAVING ASSESSMENTS—EVIDENCE.—In an attack, under Crawford & Moses' Dig., § 5668, on the correctness of the assessment by a board of assessors of a paving district, claimed to be unjust and discriminatory, where the evidence was conflicting and largely depended on the judgment of witnesses, the decree of the chancellor sustaining the assessments as made by the board of assessors and approved by the city council will be affirmed.

Appeal from Miller Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*Shaver, Shaver & Williams,* for appellant.

*Gustavus G. Pope,* for appellee.

McCULLOCH, C. J. Appellee is a paving district, organized in accordance with general statutes, and

covers a territory of seventy-two lots in the city of Texarkana. Appellant is one of the commissioners of the district, and is the owner of twenty-seven of the lots in the district. The assessment of benefits was made by a board of assessors duly appointed, and the list was filed with the council and approved, and an ordinance passed levying taxes on the same for the cost of the improvement. Appellant instituted this action in the chancery court of Miller County, challenging the correctness of the assessment of benefits on his property, and, the suit having been filed within the time prescribed by the statute, it constitutes a direct attack on the assessments. Crawford & Moses' Digest, § 5668.

Appellee filed an answer denying the charges of injustice and inequality in the assessment of appellant's property, and the cause was heard by the court on oral testimony, the trial resulting in a decree dismissing the complaint of appellant for want of equity.

It appears from the testimony that the property in question owned by appellant consists of vacant lots, and the principal basis of his contention is that the assessment should have been on a valuation basis, or at least that more effect should have been given to the difference in values. Other charges of inequality are founded on the claim that appellant's property is broken and hilly, of very little value, and that most of it is subject to washing and inundation from surface water. There is testimony to the effect that the property is not level, but is hilly and slopes down to a gulch, through which the surface water is drawn. On the other hand, it is contended on the part of appellee, and the testimony of witnesses tends to show, that all the elements having any bearing upon the question of assessments of benefits to the property were taken into consideration, and that the assessments were fair and just. It is shown that the question of drainage will be taken care of by a plan to be executed by the city council in providing a way for the water to flow.

While this is a direct attack on the correctness of the assessment, and the case is tried here *de novo* on the record made below, the same as in other chancery cases, yet we must give some deference to the judgment of the assessor, and indulge the presumption that the assessor was correct, until the attacking party proves to the contrary. Numerous witnesses testified in the case on each side, and there is a conflict as to the correctness of the assessment. It is largely a matter of judgment of the witnesses, and we are unable to say from the testimony adduced that the assessments have been shown to be unjust or lacking in uniformity with the assessments of other property in the district. In that state of the case it becomes our duty to leave the assessments undisturbed as made by the board of assessors and approved by the city council.

The decree is therefore affirmed.