## CARNEY v. WALBE.

### Opinion delivered December 12, 1927.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—PROPERTY BENEFITED.—The determination by a city or town council as to what real property would be benefited by a proposed improvement and should be within the improvement district is conclusive, save for fraud or demonstrable mistake, that is, a mistake of fact as to the existence of which there is no room for doubt.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—COLLATERAL ATTACK.—Proceedings of a city or town council establishing an improvement district, or of a board of assessors assessing benefits to real property therein, can only be set aside when they appear on their face to be demonstrably erroneous, if they are not attacked until after the period allowed by the statute within which to make a direct attack has elapsed; a subsequent attack being collateral.

3. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—DEMONSTRABLE MISTAKE.—Exclusion from an improvement district for paving streets of certain lots within its boundaries, *held* under the evidence not a demonstrable mistake apparent on the face of the proceedings, such as would render the proceedings subject to collateral attack.

Appeal from Logan Chancery Court, Northern District; *John E. Chambers,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellant, a property owner in a street improvement district, brought this suit in equity against the commis-

sioners of said district to restrain them from issuing bonds or from proceeding further with the work of the improvement. The suit was defended on the ground that the district had been legally established.

The record shows that the ordinance laying off and establishing the district was approved on the 15th day of February, 1927, and the present suit was commenced on the 15th day of October, 1927. The ordinance provides that the local improvement is for draining, grading, curbing, guttering and paving certain streets within the district, which are specially named and described. The ordinance also contains a specific and definite description of the boundaries of the district. A certain area within the limits of the district is excepted from the provisions of the ordinance laying off and creating the district.

The chancellor found that the district had been legally established, and it was decreed that the complaint should be dismissed for want of equity. The case is here on appeal.

*Anthony Hall,* for appellant.

*George A. Hall* and *L. P. Biggs,* for appellee.

HART, C. J., (after stating the facts). The sole contention for reversal of the decree is that the court acted in an arbitrary and discriminatory manner in excluding from the provisions of the ordinance creating the district a certain area, which is specifically described.

At the outset of the discussion it may be stated that, in the construction of our Constitution and statutes relating to the formation of improvement districts in cities and incorporated towns, it has been uniformly decided by this court that the determination by the common council of a city or town as to what real property is benefited and should be included within the limits of the district is conclusive, except for fraud or demonstrable mistake. By the expression "demonstrable mistake" is meant a mistake of fact as to the existence of which there is no room for doubt. *Little Rock* v. *Katzenstein,* 52 Ark. 107, 12 S. W. 198; *Lenon* v. *Brodie,* 81 Ark. 208, 98 S. W. 979; *Hill* v. *Walthour,* 165 Ark. 243, 262 S. W. 680; *Little Rock*

v. *Boullioun,* 171 Ark. 245, 284 S. W. 745; and *Paving Dist. Nos. 2 and 3 of Blytheville* v. *Baker,* 171 Ark. 692, 286 S. W. 945.

Where the property owner delays until after the period of time prescribed by statute for a direct attack on the action of the council establishing the district and the assessment of benefits to the real property situated therein, a suit by the property owner to review the proceedings of the common council establishing the district or the board of assessors in assessing the benefits to the real property within the district is a collateral attack, and such proceedings can only be set aside when they appear on their face to be demonstrably erroneous.

In the case last cited, in discussing the rule as to a collateral attack on a street improvement district, it was expressly stated that the court could only look to the face of the papers to discover whether or not there was a demonstrable error in the assessment of benefits, and *House* v. *Road Improvement District,* 158 Ark. 357, 251 S. W. 21, was cited. In the House case the court was dealing with a similar question as to a road improvement district created by special act, and it was said that the rule anounced in our former decisions was that, when it appears from the face of the act creating an improvement district, or from conditions or situations of which the court will take judicial knowledge, that lands of complaining owners are entirely separated from the roads to be improved by intervening lands excluded from the district, or by impassable obstructions or barriers, the inclusion of the lands thus situated renders the act void because arbitrary and discriminatory. In the application of the rule the court said there was nothing in the act or any matter of which the court could take judicial notice that would cause the formation of the district and the assessment of benefits under the act creating it to be held arbitrary or discriminatory. In the Baker case, a property owner was attacking the validity of a street improvement district in the city of Blytheville on the ground that a certain omitted area must have been bene-

fited if the other lots within the limits of the district were benefited. A map of the district was included to show the relative situations of the omitted lots to those embraced in the district. In that case, as in the present one, the omitted area was situated within the limits of the boundaries of the improvement district. In the Baker case the court said that the fact that property is omitted from the assessment does not, regardless of the situation of the property or its extent in comparison with the whole area embraced in the district, demonstrate a mistake which renders the assessment void. In that case it was recognized that the maps of the district and the assessment list showed that lots or blocks, similarly situated, apparently, to those assessed, were omitted. Notwithstanding this fact, it was held that the omission was not necessarily demonstrated to be a mistake of fact. It was said that there may have been reasons not apparent from a mere inspection of the lists and maps why the omitted lots were not in fact benefited, and that on collateral attack the court could only look to the face of the papers to discover whether or not there was demonstrable error in the assessments.

The principles above announced control the present case. The ordinance creating and laying off the district was approved on February 15, 1927, and the present suit was not commenced until October 15, 1927. Hence the suit is a collateral attack upon the validity of the proceedings of the common council establishing and laying off the improvement district and excepting a certain area therefrom. The map showing the extent and area of the excluded lots, as to its situation with relation to the other lots in the district and the streets to be improved, is a part of the record, but there is nothing in the examination of the map itself or of facts from which the court will take judicial notice to conclusively show that there was a demonstrable mistake of fact in omitting the area in question. It may be that the omitted area, because of the topography of the city as being hilly, or from other causes not apparent from the plat of the town, would not

receive any benefit by way of drainage or otherwise from the proposed improvement. If the property owner thought otherwise, he should have made a direct attack upon the proceedings laying off and establishing the district, to the end that he might have shown by proof that the omitted area was arbitrarily left out of the district and that the action of the council in omitting it was a demonstrable mistake of fact.

It follows that the decree of the chancery court was correct, and it will be affirmed.