. TURNER *v.* ADAMS. .

Opinion delivered October 22, 1928.

70

*J. D. Benson* and *Daily & Woods*, for appellant.
*Linus A. Williams*, for appellee.

HART, C. J., (after stating the facts). At the outset it may be stated that the present suit was commenced within thirty days after the publication of the passage of the assessment ordinance, and therefore constitutes a direct attack upon the assessment of benefits filed with the council. *Missouri Pacific Rd. Co.* v. *Waterworks Improvement District,* 134 Ark. 315, 203 S. W. 696;

*Ingram* v. *Thames,* 150 Ark. 443, 234 S. W. 629; *Henry* v. *Board of Improvement,* 170 Ark. 673, 280 S. W. 987; and *Carney* v. *Walbe,* 175 Ark. 746, 300 S. W. 413.

The original assessment was filed with the common council, and remained on file there without being acted upon for a little over ten days. The board of assessors was then informed by the city council that the assessment of benefits was insufficient to meet the estimated cost of the improvement in each of said improvement districts. Therefore the board of assessors requested and was granted permission to withdraw its assessment of benefits for the purpose of reconsidering the assessment. After due consideration the board decided not to change its assessment of benefits, and the members of the board of assessors resigned without again filing the assessment of benefits with the council. Their resignations were accepted. Before the assessment of benefits was acted upon by the council, it was lawful for the assessment of benefits to be withdrawn and reconsidered by the board of assessors. *Thomas* v. *Street Improvement District No. 216,* 158 Ark. 187, 249 S. W. 590.

From that decision and other decisions of this court it is plain that, until the assessment of benefits had been acted on by the city council, the board of assessors might be granted permission to withdraw it for the purpose of equalizing the assessment of benefits, correcting errors in it, or for reconsideration of the assessment as a whole. This the board of assessors did, and concluded not to change its assessment. The resignation of the members of the board was accepted by the city council without requiring the board to again file the assessment of benefits. Hence there was no assessment of benefits for either district made by the original board of assessors.

A new board was appointed, and it proceeded to a discharge of its duties, and filed with the city council an assessment of benefits for each district which was practically double that of the first or original assessment. This it had the right to do, if it had proceeded

upon a proper basis and had complied with the statute in making its assessment of benefits. The statute requires the board to assess the value of the benefits to accrue to each piece of property, and in doing so the board must consider the value, area, location of the property, the improvements thereon, its relation to other property, and every other element which might go to make up the sum total of benefits. The purpose is to determine the effect of a proposed improvement upon the market value of the real property, including the buildings on it. *Kirst* v. *Street Improvement District No. 120*, 86 Ark. 1, 109 S. W. 526.

The burden was upon appellees, who attacked the validity of the assessment as a whole, to prove that it was made upon the wrong basis. The chancery court found that appellees had met the burden of proof in this respect imposed upon them, and a decree was entered of record enjoining appellants from proceeding further in the collection of the same. It is the settled rule of this court that the findings of fact made by a chancellor will not be disturbed upon appeal unless they are clearly against the preponderance of the evidence. In the case at bar one of the members of the new board of assessors testified that the city attorney, in the presence of the city council, told them that it would be necessary to practically double the assessment of benefits in each district in order to construct the improvement. In other words, they were told that the cost of the improvement exceeded the original assessment of benefits made by the old board, and that it would be necessary to practically double the original assessment in order that the assessment of benefits might exceed the estimated cost of the improvements. This was tantamount to arbitrarily doubling the assessment for the purpose of constructing the improvement. This could not be done. As above stated, the new board might double the assessment of benefits if, in its opinion, this should be done after taking into consideration all the elements that should be considered in making an assessment of benefits in accord-

ance with the rule above announced. An assessment of benefits made upon a wrong basis is illegal and void, and may be set aside by a direct attack made by the property owners upon it in the time provided by statute. *Kirst* v. *Street Improvement District No. 120,* 86 Ark. 1, 109 S. W. 526; *Lee Wilson Co.* v. *Road Improvement District,* 127 Ark. 210, 192 S. W. 371; *Sikes* v. *Douglas,* 147 Ark. 469, 227 S. W. 988; and *Desha Road Improvement District No. 2* v. *Stroud,* 153 Ark. 587, 241 S. W. 882.

This leaves each district without an assessment of benefits having been made, because the assessment as a whole has been set aside and held void as having not been made upon a proper basis A new assessment may be made by the board of assessors upon a proper basis; and, if the assessment of benefits so made shall be greater than the estimated cost of improvement, the construction of the improvement may be proceeded with. Otherwise, the plan of the proposed improvements must be abandoned.

It follows from what we have said that the decree of the chancellor was right, and must be affirmed.