LENON v. STREET IMPROVEMENT DISTRICT No. 512.

Opinion delivered March 17, 1930.

*Henry C. Reigler* and *John F. Clifford,* for appellants.

*Dillon & Robinson* and *Murray O. Reed,* for appellees.

HART, C. J., (after stating the facts). Appellants were property owners within the proposed street improvement district, and appealed to the city council for relief from the assessment of benefits, on the ground that it was excessive. Having been denied relief by the city council, appellants brought this suit in equity against the commissioners of the improvement district to have the assessment declared void on the ground that the assessment of benefits was excessive, and practically amounted to a confiscation of their property. The suit was brought within the time provided by statute, and constitutes a direct attack upon the assessment of benefits filed with the city council. *Turner* v. *Adams,* 178 Ark. 67, 10 S. W. (2d) 41.

There was a presumption in favor of the validity of the assessment of benefits, and the burden was upon the property owners who assailed it to show that it was excessive. *Ahern* v. *Paving & Improvement District No. 32 of Texarkana,* 168 Ark. 385, 270 S. W. 513.

The purpose of the assessment of benefits is to determine the effect of a proposed local improvement upon the market value of the real property in the proposed district, including the buildings on the lots. This is clearly a matter of the judgment of witnesses; and, in testing the correctness of their testimony, regard may be had to the value, area, and location of the lots, the improvements on them, their relation to other property in the district and out of it, the value of the improvements, their character and everything else which might be considered in deter-

mining the value of the benefits assessed. This court has
uniformly held that the only sound principle upon which
the assessment of benefits for a local improvement can
stand is that the property assessed is specially and pecu-
liarly benefited by the improvement. Consequently, when
it is found that the cost of the improvement exceeds the
total value of the assessment of benefits, the proposed
improvement must fail.

Tested by these principles of law, we are of the opin-
ion that the chancery court erred in refusing the testi-
mony offered by appellants. In no other way could appel-
lants get before the court their theory that their property
had been assessed too high. They had a right to show
that the assessment of benefits made by the assessors was
greater than any special and peculiar benefit which would
be received by their property from the proposed improve-
ment. The record shows that there was already a good
street of gravel and cinders. The buildings in the district
consisted chiefly of negro residences of comparatively
little value. It was proposed to change the street from
one of gravel and cinders to a paved one. The assessed
value of the property as shown by the last county assess-
ment amounted to $50,700. The estimated cost of the
improvement was something over $25,000. The witnesses
for appellants testified that this character of property
would not support a paved street. They all agreed that
the cost of the improvement would greatly exceed a
proper assessment of benefits made against the property.
When the topography of the district, the character of
residences in it, and everything which goes to make up
the value of property is considered, we are of the opinion
that the proposed evidence would have established that
the cost of the improvement would exceed the value of the
special benefits which might be derived from paving the
street.

Under these circumstances, the city council should
have ordered a reassessment of the property; and, not
having done so, the chancery court should have admitted

the proof offered by appellants and have rendered a decree in accordance with the views herein expressed. Having failed to do so, the decree of the chancery court will be reversed, and the cause will be remanded for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.

---

### OPINION ON REHEARING.

HART, C. J. Counsel for appellee insist that the original opinion is in conflict with *Kirst* v. *Street Improvement District No. 1*, 86 Ark. 1, 109 S. W. 526, but we do not think so. On the contrary, we think it is in conformity with the principles of law there decided, as well as those in *Turner* v. *Adams*. 178 Ark. 67, 10 S. W. (2d) 41, cited in our original opinion.

· The record shows that the property owners sought to attack the assessment before the city council on the ground that it was arbitrary and made for the purpose of making the assessment of benefits exceed the cost of the improvement without any regard being had to the actual benefits received by the property. The assessment as a whole was attacked on the ground that each piece of property in the district was assessed at a sum greatly in excess of any actual benefit it might receive, and testimony was offered which tended to establish the fact that the assessment of benefits was made in an arbitrary manner without any relation to the benefits received. Evidence to that effect was offered.

If this cannot be done, there is no use in holding that the individual owner shall never be required to pay a greater sum than the actual value of the benefits received. Assessments for street improvements can only be upheld on the ground that the property assessed is enhanced in value to an amount equal to the sum assessed against it. An allegation that the assessment on the property is substantially in excess of the benefits received raises a con-

324

stitutional question; and, if the allegation is true, then the assessment is contrary to the Constitution. On a direct attack, this is a question of fact, and we pointed out in our original· opinion that the proof offered showed that the assessment made upon each piece of property was shown to be greatly in excess of any special benefit it might receive. The common council of the city had jurisdiction to pass upon the validity of this assessment; and, if the proof showed that it was arbitrary within the meaning above indicated, the council should have refused to confirm the assessment and have set it aside. This would have left it within the power of the assessors to have made a new assessment conformable to law, which would be subject to attack in the manner provided by statute as in the case of the first assessment. If the council fails to give the landowners the relief to which the proof shows they are entitled, they have the right to bring a suit in the chancery court within thirty days to accomplish that result. Therefore, the motion for a rehearing and to modify the opinion will be overruled.