PAVING IMPROVEMENT DISTRICT No. 12 *v.* BROOKS.

5-74                                    258 S. W. 2d 233

Opinion delivered June 1, 1953.

228

*Ulys A. Lovell* and *James Evans*, for appellant.

*Price Dickson* and *Peter G. Estes*, for appellee.

ED. F. McFADDIN, Justice. This is a direct attack on the assessments of benefits on one parcel of property. Appellants, Paving District No. 12 and Curb & Gutter District No. 11, are companion districts: No. 12 being for the purpose of paving, and No. 11 being for the purpose of curbing and guttering, a portion of McKinney Street in the City of Springdale, Arkansas. The ordinance, levying the assessment of benefits in each district, was duly passed and published by the City Council;[1] and within thirty days thereafter, appellees, Brooks and wife, filed a suit in the Chancery Court against each district, claiming the assessment of benefits of each district to be excessive on the Brooks property. The two suits were consolidated for trial.

In Paving District No. 12, benefits of $1,100 were assessed against the Brooks property, and in Curb & Gutter District No. 11, benefits of $900 were assessed against the Brooks property: making total benefits of $2,000 for the improvements by both districts. Witnesses for appellees, after qualifying as to knowledge of real estate values, testified that the $2,000 total benefits were grossly excessive. Some witnesses placed the total benefits as low as $500, and others placed them as high as $1,200. On the other hand, witnesses for the districts, after likewise qualifying as to knowledge of real estate

---

[1] See § 20-413 Ark. Stats.

values, placed the total benefits to appellees' property as high as $2,500. After hearing the evidence *ore tenus,* the Chancery Court found the $2,000 benefits excessive, and permanently enjoined any collection of benefits by either District on the Brooks property. From that decree there is this appeal.

I. *Excessiveness.* The appellants argue that the Trial Court was in error in holding the benefits to be excessive, and claim that the Court failed to accord to the assessors' reports the weight to which such reports were entitled. But the Chancellor rendered an opinion, copied into the record, which showed a thorough understanding of the weight to be given the assessors' reports, and the amount of evidence that the property holders must offer to overcome the benefits as assessed. This opinion also contained a review of some of our leading cases. We cannot say that the preponderance of the evidence is contrary to the Chancellor's findings that the benefits were excessive on the Brooks property; so we hold that the decree is not erroneous in this regard.

II. *The Proper Benefits.* We hold, however, that the Chancery Court was in error in failing to determine the correct benefits to be assessed against the Brooks property in each district. The applicable Statute (§ 20-416 Ark. Stats.) says:

". . . Within thirty days after such publication, the district or any property owner may bring suit in the Chancery Court of the County for the purpose of correcting or invalidating such assessment; . . ." When the direct attack (i.e., one within thirty days) is against *all* of the assessments in the district, then the Chancery Court, if it sustains the attack, necessarily sets aside all the assessed benefits, as was done in *Turner* v. *Adams,* 178 Ark. 67, 10 S. W. 2d 41. See also *Lenon* v. *Street Improvement Dist.,* 181 Ark. 318, 26 S. W. 2d 572. But when the direct attack relates to the excessiveness of the assessments on specific property, rather than all the property in the district, then the quoted Statute provides that the suit in the Chancery Court shall be ". . . for the purpose of correcting

230

. . ." such assessment. This latter is the situation in the case at bar; and the Chancery Court should have fixed the amount of benefits to be assessed against the Brooks property by each of the Districts here involved.

Since we try chancery cases *de novo* on the record, we have carefully reviewed all the evidence; and we conclude that the Brooks property is clearly benefited a total of $1,200 by the improvements to be made by the appellant districts. One witness *called by Brooks* was the Mayor of Springdale. He testified that $2,000 benefits were excessive, but that $1,200 benefits for both districts would be proper; and he divided this, as $700 for the benefits in the Paving District and $500 for the benefits in the Curb & Gutter District. Since Brooks' own witness testified to these figures, appellees certainly cannot complain when we fix the benefits at such figures. We conclude that the preponderance of the evidence is in accord with these last mentioned figures.

Therefore, we remand the cause to the Chancery Court, with directions to correct the benefits on the Brooks property to conform to this opinion, and to enter a decree accordingly. Each side will bear one-half of the costs of this appeal.