Sue PATE, et al. *v.* PINEY SEWER IMPROVEMENT
DISTRICT NO. 32, et al.

CA 85-167                                        691 S.W.2d 882

Court of Appeals of Arkansas
Division I
Opinion delivered June 20, 1985
[Rehearing denied July 3, 1985.]

*Hurst Law Office*, by: *Q. Byrum Hurst, Jr.* , for appellant.

*Wood, Smith & Schnipper*, by: *Ray S. Smith, Jr.*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. The appellants Sue Pate, Ruby Brawley, Lee Raeside, Joseph Raeside and Lois Ginsberg, individually and as representatives of a class, brought this action seeking an order declaring the assessments made in Piney Sewer Improvement District No. 32 to be declared null and void.

The appellants contended that the procedure followed by the appellees in causing the benefits to be assessed within the district did not comply with the requirements of Ark. Stat. Ann. § 20-705 (Repl. 1968) and that the methods of the district's assessor in assessing total benefits and the benefits to individual properties were arbitrary and capricious. The trial court found that the appellants had failed in their burden of proving these contentions.

The trial court also ruled that the first two issues were properly brought for benefit of the class but he refused class action status to the quetion of individual assessments. The court found that the individual appellants had failed in their burden of proving that the assessments of their properties were arbitrary and capricious. The appellants contend that all of these rulings were erroneous.

On each of these issues the chancellor clearly stated his findings of fact and conclusions of law which adequately explain the decision. Where the opinion, findings of fact and conclusions of law adequately explain the decision we are authorized to issue memorandum opinions stating only essential facts pursuant to our per curiam order of May 2, 1984.

The assessor testified that he had followed the method of assessments provided in Ark. Stat. Ann. § 20-705.

There was no evidence that he did not. In *Turner v. Adams*, 178 Ark. 67, 10 S.W.2d 41 (1928) it was stated that the proper basis for assessment of value for benefits to accrue to each piece of property is to consider the value, area, location of the property, the improvements thereon, its relation to other properties, and every other element which might go to make up the sum total of benefits. The assessor testified that he considered these factors in arriving at his determination. *Turner* also provides that one who attacks the validity of the assessment as a whole has the burden of proving that it was made on the wrong basis. The chancellor found that appellants have not met the burden of proof in this respect. The findings of fact made by a chancellor will not be disturbed on appeal unless they are clearly erroneous.

The appellants next contend that the method used by the assessor in reaching his determination of total benefits was arbitrary and capricious. They argue that he had a financial stake in enlarging the assessments because his fee was based on total benefits assessed. This argument is not based upon any factual data contained in the record. It was undisputed that the assessor's fees were to be based on a percentage of the engineer's estimated cost of the improvement which is, according to the undisputed testimony in the record, a usual and customary provision in assessor contracts with improvement districts. The appellants also argue that the method was arbitrary and capricious because the assessor knew he would not be paid unless his total assessment of benefits exceeded the cost of the improvements. This assessor testified that in over thirty cases in which he had acted as assessor he was aware of no provision that he would not be paid if the assessment of benefits indicated that the construction was not feasible. There was no evidence to the contrary in this case.

The appellants next contend the chancellor's ruling that the assessment of benefits to individual tracts was not the proper subject for a class action was erroneous. We do not agree. If the assessor had used an improper method of assessment or had acted arbitrarily and capriciously in making the assessments the effect would be the same upon all land owners within the district. All assessments thus would be invalid. Where it is alleged that some but not all of the tracts were arbitrarily assessed the issue would not be common to all members of the class. Where any land owner within the district had the right to question the validity of

his individual assessment but had no interest in the validity of the individual assessment of another land owner, there was no common claim. Each would stand or fall on his own individual merit. *Ross v. Arkansas Communities, Inc., et al*, 258 Ark. 925, 529 S.W.2d 876 (1975). We find no error in the chancellor's ruling.

At the time this action was commenced Judge Chesnutt's term as chancellor was to expire in two weeks. His successor, Judge Robbins, although informally setting a docket with the attorneys by agreement, had no authority to enter an order as chancellor. Counsel for the appellees first discussed with Judge Robbins the advancement of this case as required by Ark. Stat. Ann. § 20-721 (Repl. 1968) and January 9th was selected as a tentative trial date.

Appellees' counsel then presented the matter to Judge Chesnutt, the only judge authorized to enter such an order. He pointed out the requirements of the statute that such cases should be advanced and informed him of the date Judge Robbins had agreed on for the trial. Judge Chesnutt entered the order but took no further action in any part of the proceedings. After January 1st Judge Chesnutt entered the firm representing the appellees but he took no part in the trial of the case. Counsel for the appellants determined that more time was needed and Judge Robbins himself thereafter entered a second order resetting the case for January 19th. The appellants moved to disqualify appellees' counsel on the assertion that counsel should avoid not only impropriety but the appearance of impropriety.

The chancellor ruled that under Ethical Consideration 9-3 a lawyer upon leaving judicial office should not accept employment in connection with any matter in which he has had "substantial responsibility" prior to leaving the bench. He declared that our statute requires the acceleration of a case questioning the validity of assessment of benefits because of its importance and the number of parties affected by its disposition. He noted that Ark. Stat. Ann. § 20-721 mandates that such cases be advanced and disposed of "at the earliest possible moment." The court found that an order setting the trial date as required by this statute does not constitute a substantial exercise of responsibility but was merely a ministerial act. He found no impropriety

or appearance of impropriety in appellees' counsel continuing in the case and denied the motion. We agree that there was no abuse of discretion in preventing circumvention of the clear mandate of the statute on such a minor and technical point. The granting of such a motion would have postponed the desired speedy disposition indefinitely.

We find no error and affirm.

CORBIN and COOPER, JJ., agree.